## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**JUDI T. HABERKORN,**

        Plaintiff,

     v.

**NATIONWIDE LIFE INSURANCE
COMPANY,**

        Defendant.

Case No.

Removed from Superior Court
Sussex County, Delaware
C.A. No. 07C-10-019 ESB

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §1441(a)**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1441, Defendant Nationwide Life Insurance Company ("Nationwide"), by and through its undersigned counsel, hereby gives Notice of the Removal of this action from the Superior Court of the State of Delaware, in and for Sussex County. Nationwide sets forth the following grounds for Removal:

1.    This action was commenced by Plaintiff in the Superior Court of the State of Delaware, in and for Sussex County, by the filing of her complaint on October 17, 2007, and is styled *Judi T. Haberkorn v. Nationwide Life Insurance Company*, Case No. 07C-10-019 ESB.. A copy of the Complaint, Summons and process served on Nationwide is attached hereto as Exhibit "A".

2.    Nationwide is the only named defendant in this action.

3.    This Notice of Removal is timely under 28 U.S.C. §1446(b) because it is being filed within thirty (30) days of the receipt of service of process by Nationwide. See Exhibit "B" attached hereto.

2263830v1

4.  The Complaint is the "initial pleading setting forth the claims for relief upon which the action is based" for purposes of 28 U.S.C. §1446(b).

5.  From the face of the Complaint it is apparent that Plaintiff is a citizen of the State of New Jersey. (See Compl. ¶ 3, attached as Exh. "A".)

6.  Nationwide is not incorporated in Delaware, nor does it maintain a principal place of business in Delaware. Nationwide is an Ohio Corporation, with its principal place of business in Columbus, Ohio. (See Compl. ¶ 5, attached as Exh. "A"; see also Affidavit of Brenda L. Flask, ¶ 2, attached hereto as Exh. "C".)

7.  The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interests and costs, based on the allegations of the Complaint, which seeks declaratory relief and compensatory and punitive damages for Nationwide's failure to pay Plaintiff medical benefits up to a maximum of $1,000,000 (See Exh. "A", Compl. ¶¶ 21, 22, 26, 30 and 33.), although Nationwide denies liability for such maximum amount.

8.  The amount in controversy in this action also exceeds the sum or value of $75,000, exclusive of interests and costs, based on Plaintiff's demand for payment of medical expenses from Nationwide. Plaintiff has submitted claims to Nationwide for reimbursement of her medical expenses which total approximately $214,000.00 to date. (See Flask Aff. ¶ 5). Nationwide paid about $62,000.00 to Plaintiff as reimbursement of her medical expenses to date, but denied further payment of approximately $152,000.00. (See Flask Aff. ¶ 6). Nationwide denies liability for these additional claims.

2

9.     As set forth above, this is an action "between citizens of different states" where "the matter in controversy exceeds the sum or value of $75,000," over which this Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. §1332(a), and therefore this action may be removed by Nationwide in accordance with the provisions of 28 U.S.C. §1441.

10.    This action is being removed to this Court because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending, pursuant to 28 U.S.C. §1441(a).

11.    Nationwide will provide notice of the filing of this Notice of Removal to the adverse party as required by 28 U.S.C. 1446(d) and shall file a Notice of Removal with the Prothonotary of the Superior Court of the State of Delaware, in and for Sussex County, as further required by 28 U.S.C. §1446(d).

12.    Nationwide expressly reserves the right to raise all defenses and objections in this action after it is removed from this Court, including but not limited to the defense of lack of *in personam* jurisdiction and lack of service of process.

3

**WHEREFORE,** Nationwide respectfully requests that this action be removed from the

Superior Court of the State of Delaware, in and for Sussex County, to the United States District

Court for the District of Delaware.

Respectfully submitted,

Robert J. Leoni, Esquire (DSBA No. 2888)
*Shelsby & Leoni*
221 Main Street
Stanton, DE 19804
302 995 6210
302 995 6121(fax)
rleoni@mslde.com

Attorney for Defendant,
Nationwide Life Insurance Company

Date:  November ⟩⟩ , 2007

EXHIBIT A

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS).

COUNTY: NEW CASTLE_____ KENT _____ SUSSEX  X_____
Civil Case Code: CDEJ

Civil Action Number: _____
Civil Case Type: Declaratory Judgment___

(SEE PAGE TWO FOR CIVIL CASE CODE & CIVIL CASE TYPE)

| Caption: | Name and Status of Party filing document: |
|---|---|
| JUDI T. HABERKORN,<br><br><br>                                Plaintiff,<br><br>v.<br><br>NATIONWIDE LIFE INSURANCE COMPANY,<br><br>                                Defendant. | Judi T. Haberkorn, Plaintiff<br><br>Document Type: (e.g., COMPLAINT; ANSWER WITH COUNTERCLAIM)<br><br>Complaint<br><br>Non-Arbitration  X    eFile<br><br>            (CERTIFICATE OF VALUE MAY BE REQUIRED)<br><br>Arbitration___  Mediation _____  Neutral Assessment _____<br><br>DEFENDANT (CHECK ONE)   ACCEPT ___ REJECT ____<br><br>JURY DEMAND  YES  X  NO ___<br><br>TRACK ASSIGNMENT REQUESTED (CHECK ONE):<br><br>EXPEDITED ___  STANDARD  X  COMPLEX ____ |
| ATTORNEY NAME(S):<br><br>John S. Spadaro<br><br>ATTORNEY ID(S):<br><br>3155<br><br>FIRM NAME:<br><br>John Sheehan Spadaro, LLC<br><br>ADDRESS:<br><br>724 Yorklyn Road, Suite 375<br><br>Hockessin, Delaware 19707<br><br>TELEPHONE NUMBER:<br><br>(302)235-7745<br><br>FAX NUMBER:<br><br>(302)235-2536<br><br>E-MAIL ADDRESS:<br><br>jspadaro@johnsheehanspadaro.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS<br><br>_____<br>_____<br><br>EXPLAIN THE RELATIONSHIP(S):<br><br>_____<br>_____<br>_____<br>_____<br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br>_____<br>_____<br>_____<br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE.) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED.  THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 9.17.03

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)
## INSTRUCTIONS

### CIVIL CASE TYPE

Please select the appropriate civil case code and case type (e.g., CODE - AADM and TYPE - Administrative Agency) from the list below. Enter this information in the designated spaces on the Case Information Statement.

| APPEALS | MISCELLANEOUS |
|---|---|
| AADM- Administrative Agency | MAAT – Appointment of Attorney |
| ACCP – Court of Common Pleas | MAFF – Application for Forfeiture |
| ACER - Certiorari | MCED – Cease and Desist Order |
| AFAM - Family Court | MCRO – Complaint Requesting Order |
| AIAB - Industrial Accident Board | MCTO - Consent Order |
| APSC - Public Service Commission | MHAC - Habeas Corpus |
| AUIB - Unemployment Insurance Appeal Board | MIND - Destruction of Indicia of Arrest |
| **COMPLAINTS** | MISS - Issuance of Subpoena/Material Witness |
| CAAA - Auto Arb Appeal * | MMAN - Mandamus |
| CASB – Asbestos | MOUT - Out of State Deposition |
| CATT - Foreign & Domestic Attachment | MPOS - Writ of Possession |
| CCCP - Transfer from CCP* | MPRO - Writ of Prohibition |
| CCHA - Transfer from Chancery * | MROP - Petition for Return of Property |
| CCON - Condemnation | MSAM - Satisfy Mortgage |
| CDBT - Debt/Breach of Contract * | MSOJ - Compel Satisfaction of Judgment |
| CDEF - Defamation * | MTAX - Tax Ditches |
| CDEJ - Declaratory Judgment | MVAC - Vacate Public Road |
| CEJM - Ejectment * | MSEM - Set Aside Satisfaction of Mortgage |
| CFJG - Foreign Judgment * | MSSS - Set Aside Sheriff's Sale |
| CINT - Interpleader | MSEL - Sell Real Estate for Property Tax |
| CLIB - Libel * | MTOX - Hazardous Substance Cleanup |
| CMAL - Malpractice * | MCVP - Civil Penalty |
| CACT - Class Action | MREF - Tax Intercept |
| CPIA - Personal Injury Auto * | MGAR - Appointment of Guardianship |
| CPIN - Personal Injury * | MFOR - Intercept of Forfeited Money |
| CPRD - Property Damage * | MSET - Structured Settlement |
| CPRL - Products Liability * | |
| CRPV - Replevin | **MORTGAGES** |
| CSBI - Silicone Breast Implant | MORT – Mortgage |
| CTAX - Tax Appeal | |
| CFRD - Fraud Enforcement | **MECHANICS LIENS** |
| CSPD - Summary Proceedings Dispute | LIEN – Mechanics Lien * |
| **INVOLUNTARY COMMITMENTS** | |
| INVC- Involuntary Commitment | **OTHER** |
| | OTHR - Specify Type |

Case types subject to Arbitration Rule 16.1

### DUTY OF THE PLAINTIFF
Each plaintiff/counsel shall complete the attached Civil Case Information Statement (CIS) and file with the complaint.

### DUTY OF THE DEFENDANT  Each defendant/counsel shall complete the attached Civil Case Information Statement (CIS) and file with the answer and/or first responsive pleading.

Revised 8.21.03

10/24/07   1227 @25.

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR SUSSEX COUNTY

JUDI T. HABERKORN,                     )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )      C.A. No.
                                       )
NATIONWIDE LIFE                        )      NON-ARBITRATION CASE
INSURANCE COMPANY,                     )      TRIAL BY JURY DEMANDED
                                       )
                    Defendant.         )

### PRAECIPE FOR SUMMONS

TO:   PROTHONOTARY, SUSSEX COUNTY SUPERIOR COURT
      Superior Court
      The Courthouse
      The Circle, Suite 2
      Georgetown, DE 19947

   PLEASE ISSUE WRIT COMMANDING the Sheriff of Sussex County to serve the
Summons and Complaint on ~~████████████████████~~ c/o the Delaware ████████
████████Delaware Department of Insurance, 841 Silver Lake Boulevard, Dover, DE
19904, in accordance with 18 *Del. C.* §§ 524 and 525. A check made payable to the Delaware
Insurance Commissioner in the amount of $25.00 is attached hereto representing the required
fee.

                    JOHN SHEEHAN SPADARO, LLC

                    _____
                    John S. Spadaro
                    724 Yorklyn Road, Suite 375
                    Hockessin, DE 19707
                    (302)235-7745

October 15, 2007

1564

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

JUDI T. HABERKORN,                    )
                                      )
                    Plaintiff,        )
                                      )        C.A. No.
v.                                    )
                                      )        NON-ARBITRATION CASE
NATIONWIDE LIFE                       )        TRIAL BY JURY DEMANDED
INSURANCE COMPANY,                    )
                                      )
                    Defendant.        )

FILED PROTHONOTARY OFFICE
2007 OCT 17  AM 11:22

## COMPLAINT FOR DECLARATORY AND OTHER RELIEF

Plaintiff Judi T. Haberkorn, as and for her complaint for declaratory and other relief

against defendant Nationwide Life Insurance Company, alleges as follows:

### Nature of the Action

1.  This is an action seeking recovery of compensatory and punitive damages, declaratory

relief and other relief arising from defendant Nationwide Life Insurance Company's breach of

contract, bad faith breach of contract, violation of 6 *Del. C.* §2513, and otherwise wrongful

refusal to honor its contractual obligations under a certain policy of insurance denominated as an

"Accident and Sickness Insurance Plan" (under which the plaintiff Judi T. Haberkorn is insured).

2.  This action seeks, among other relief, a declaration that the defendant Nationwide Life

Insurance Company must pay benefits to Ms. Haberkorn under the subject "Accident and

Sickness Insurance Plan" up to a maximum of $1,000,000 for any one injury or sickness (as

defined).

1863

## The Parties

3.  Plaintiff Judi T. Haberkorn is a natural person residing at 359 North Forklanding Road, Maple Shade, NJ 08052.

4.  Ms. Haberkorn is insured under an "Accident and Sickness Insurance Plan" underwritten by defendant Nationwide Life Insurance Company and available for purchase by students of the University of Delaware.

5.  Defendant Nationwide Life Insurance Company ("Nationwide") is, on information and belief, an Ohio corporation with offices at One Nationwide Plaza, Columbus, OH 43215-2220. It is engaged in the business of insurance, and regularly sells insurance within the State of Delaware.

## The Insurance Contract

6.  Nationwide underwrites a health and accident insurance policy for purchase by students of the University of Delaware. This health and accident insurance policy is sometimes denominated as an "Accident and Sickness Insurance Plan."

7.  Terms of this "Accident and Sickness Insurance Plan" are supplied by a "master policy" issued by Nationwide and maintained at the University's offices. A brochure summarizing those terms, and provided by the University of Delaware to its students, is attached as Exhibit A.

8.  On information and belief, the "Accident and Sickness Insurance Plan" underwritten by Nationwide, and the "master policy" that supplies its terms, have been in effect at all times relevant to this action.

9.  Under the "Accident and Sickness Insurance Plan" underwritten by Nationwide, students may purchase enrollment in either of two benefits plans: the "Blue Plan", which

purportedly provides "Comprehensive Major Medical Benefits"; or the "Blue and Gold Plan", which purportedly provides "Enhanced Medical Benefits."

10. The "Blue Plan" provides a "Maximum Lifetime Benefit" of $50,000 for any one injury or sickness (as defined). The "Blue and Gold Plan", by contrast, provides a "Maximum Benefit" of $1,000,000 for any one injury or sickness.

11. Prior to approximately September 2005 Ms. Haberkorn was enrolled in the "Blue Plan." While so enrolled, she was entitled to the "Maximum Lifetime Benefit" of $50,000 for any one injury or sickness, but not the higher ($1,000,000) benefit available under the "Blue and Gold Plan."

12. In approximately September 2005 Ms. Haberkorn purchased enrollment in the "Blue and Gold Plan", thereby entitling her (from that point forward) to a "Maximum Benefit" of $1,000,000 for any one injury or sickness.

### The RSD Claim

13. In April 2006 Ms. Haberkorn suffered a fall in which she was injured. As a result of that fall she contracted, in her lower left leg, the disorder commonly known as Reflex Sympathetic Dystrophy (or "RSD").[1]

14. RSD is a dangerous, progressive and potentially debilitating neuropathic disorder. Delaware's General assembly has recognized these features of the disease, finding (as part of Senate Bill No. 67, 142nd Delaware General Assembly (2003)) that "a delay in diagnosis or treatment" for RSD "can result in severe physical . . . problems," while "early recognition and prompt treatment . . . provide the greatest opportunity for recovery . . . ."

---

[1] The correct clinical name for this disorder is Complex Regional Pain Syndrome Type I. However, because the disorder is more commonly known as RSD, we refer to it here by that name.

3

15. Ms. Haberkorn has submitted to Nationwide claims for medical expenses related to treatment of her RSD.

16. Ms. Haberkorn has satisfied all conditions precedent to coverage with respect to her claims for RSD treatments.

## Nationwide's (Wrongful) Claims Handling

17. Ms. Haberkorn's treating physicians have concluded that her RSD was caused by her April 2006 fall. For example, Dr. John B. Obray of the Mayo Clinic recorded that Ms. Haberkorn's April 2006 fall "led to pain from the knee down to the ankle, which is extreme and severe[,]" resulting in "Complex regional pain syndrome type I [or RSD], involving lower left extremity." Dr. Laura E. Ross, a board-certified orthopedic surgeon, has stated that Ms. Haberkorn "fell in April 2006 which caused a triggering of the RSD."

18. Nationwide has wrongly and unreasonably contended (and will continue to contend) that Ms. Haberkorn's RSD was caused not by her April 2006 fall, but by an earlier injury suffered by her in the Spring of 2005. Nationwide has taken this position so that it may artificially limit coverage for Ms. Haberkorn's RSD treatments to the $50,000 maximum benefit under the "Blue Plan"; when in fact those treatments should properly be subject to the $1,000,000 maximum benefit under the "Blue and Gold Plan."

19. Nationwide's contention on the cause of Ms. Haberkorn's RSD is contradicted not only by her treating physicians' findings, but by the very nature of RSD itself. Clinicians recognize, for example, that early treatment of RSD is critical precisely because the disorder progresses and worsens rapidly. Thus, Nationwide's version of events – in which Ms. Haberkorn supposedly contracted RSD in the Spring of 2005, yet did not see the disorder become problematic until a year later – makes no sense.

4

## COUNT I

### Declaratory Judgment

20. Plaintiff Judi T. Haberkorn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 19 above.

21. The "Accident and Sickness Insurance Plan" underwritten by Nationwide, and the "Blue and Gold Plan" to which Ms. Haberkorn purchased enrollment, require Nationwide to extend benefits for Ms. Haberkorn's RSD treatments up to a maximum of $1,000,000.

22. Nationwide has failed to make available (and refuses to make available) the maximum benefit to which Ms. Haberkorn is properly entitled under the "Blue and Gold Plan."

23. An actual controversy of a justiciable nature exists between Ms. Haberkorn and Nationwide concerning the parties' rights and obligations under the "Accident and Sickness Insurance Plan" and "Blue and Gold Plan." The controversy is of sufficient immediacy to justify the entry of a declaratory judgment.

24. An award of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

## COUNT II

### Breach of Contract

25. Plaintiff Judi T. Haberkorn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 24 above.

26. Nationwide has breached the terms of the "Accident and Sickness Insurance Plan" and "Blue and Gold Plan" by failing and refusing to make available to Ms. Haberkorn the full extent of monetary benefits provided thereunder.

1863

5

27. Nationwide has breached the terms of the "Accident and Sickness Insurance Plan" and "Blue and Gold Plan" by engaging in the conduct described in paragraphs 17 through 19 above.

28. As a direct result of Nationwide's breach of contract, plaintiff Judi T. Haberkorn has been deprived of the benefits of the insurance coverage for which premiums were paid under the "Accident and Sickness Insurance Plan" and "Blue and Gold Plan." As a further result of Nationwide's breach of contract, plaintiff Judi T. Haberkorn has suffered economic loss.

## COUNT III

### Bad Faith Breach of Contract

29. Plaintiff Judi T. Haberkorn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 28 above.

30. Nationwide's failure and refusal to make available to Ms. Haberkorn the full extent of monetary benefits provided under the "Accident and Sickness Insurance Plan" and "Blue and Gold Plan" is without reasonable justification.

31. As a direct result of Nationwide's bad faith breach of contract, plaintiff Judi T. Haberkorn has suffered and will suffer injury as heretofore alleged.

## COUNT IV

### Consumer Fraud

32. Plaintiff Judi T. Haberkorn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 31 above.

33. Nationwide's conduct, as alleged above, is in violation of 6 *Del. C.* §2513. More specifically:

1563

6

a. The "Accident and Sickness Insurance Plan" underwritten by Nationwide, and (more specifically) the "Blue and Gold Plan" thereunder, require Nationwide to provide a "Maximum Benefit" of $1,000,000 for any one injury or sickness.

b. Nationwide's promise to provide a "Maximum Benefit" of $1,000,000 for any one injury or sickness was made in connection with the sale to Ms. Haberkorn of the "Blue and Gold Plan."

c. By failing and refusing to make available to Ms. Haberkorn the "Maximum Benefit" promised under the "Blue and Gold Plan", Nationwide has created a condition of falsity in that promise.

d. The "Accident and Sickness Insurance Plan" underwritten by Nationwide, and the "Blue and Gold Plan" thereunder, contain an implied promise of good faith and fair dealing.

e. Nationwide's promise of good faith and fair dealing (as contained within the "Accident and Sickness Insurance Plan" underwritten by Nationwide, and the "Blue and Gold Plan" thereunder) was made in connection with and at the time(s) of the sale to Ms. Haberkorn of such insurance plans.

f. By failing and refusing to make available to Ms. Haberkorn the "Maximum Benefit" promised under the "Blue and Gold Plan", Nationwide has created a condition of falsity in the plans' promise of good faith and fair dealing.

g. Nationwide engaged in the conduct described in this paragraph 33 with the intent that others would rely upon its false promises.

34. As a direct result of Nationwide's violation of 6 *Del. C.* §2513, plaintiff Judi T. Haberkorn has suffered and will suffer injury as heretofore alleged.

WHEREFORE, plaintiff Judi T. Haberkorn respectfully requests that this Court enter judgment in her favor and against Nationwide Life Insurance Company as follows:

a. Awarding to Ms. Haberkorn compensatory damages for Nationwide's breach of contract;

b. Awarding to Ms. Haberkorn punitive damages for Nationwide's bad faith breach of contract;

c. Awarding to Ms. Haberkorn compensatory and punitive damages for Nationwide's violation of 6 *Del. C.* §2513;

d. Declaring the parties' rights, duties, status or other legal relations under the "Accident and Sickness Insurance Plan" and "Blue and Gold Plan";

e. Awarding to Ms. Haberkorn all costs of this action; and

f. Awarding such other and further relief as this Court deems just and proper.

Respectfully submitted,

JOHN SHEEHAN SPADARO, LLC

John S. Spadaro, No. 3155
724 Yorklyn Road, Suite 375
Hockessin, DE 19707
(302)235-7745

October 15, 2007

Attorney for plaintiff Judi T. Haberkorn

1563

8

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

JUDI T. HABERKORN,           )
                                     )
               Plaintiff,   )
                                     )
v.                               )    C.A. No. 07C-10-019 ESB
                                   )
NATIONWIDE LIFE       )    NON-ARBITRATION CASE
INSURANCE COMPANY,    )    TRIAL BY JURY DEMANDED
                                   )
               Defendant.  )

THE STATE OF DELAWARE *Kent*
TO THE SHERIFF OF ~~SUSSEX~~ COUNTY,

YOU ARE COMMANDED:

     To summon defendant, so that, within 20 days after service hereof upon defendant, Nationwide Life Insurance Company, exclusive of the day of service, defendant shall serve upon John S. Spadaro, Esquire, plaintiff's attorney, whose address is John Sheehan Spadaro, LLC, 724 Yorklyn Road, Suite 375, Hockessin, Delaware 19707, an answer to the Complaint.

     To serve upon defendant a copy of the Complaint.

Dated:

     **OCT 1 8 2007**

                                  *Joyce* ___
                                  *Prothonotary*
                                  *Per Deputy*

TO THE ABOVE-NAMED DEFENDANT:

     In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                    *Joyce M.* ___
                                  *Prothonotary*
                                  *Per Deputy*

1564

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

JUDI T. HABERKORN,         )
                              )
            Plaintiff,      )
                              )    C.A. No. O7C-10-019 ESB
v.                           )
                              )    NON-ARBITRATION CASE
NATIONWIDE LIFE         )    TRIAL BY JURY DEMANDED
INSURANCE COMPANY,     )
                              )
            Defendant.    )

THE STATE OF DELAWARE   Kent
TO THE SHERIFF OF ~~SUSSEX~~ COUNTY,

YOU ARE COMMANDED:

        To summon defendant, so that, within 20 days after service hereof upon defendant, Nationwide Life Insurance Company, exclusive of the day of service, defendant shall serve upon John S. Spadaro, Esquire, plaintiff's attorney, whose address is John Sheehan Spadaro, LLC, 724 Yorklyn Road, Suite 375, Hockessin, Delaware 19707, an answer to the Complaint.

        To serve upon defendant a copy of the Complaint.

Dated:      OCT 1 8 2007

                                Joyce M. Collins
                                *Prothonotary*
                                *Per Deputy*

TO THE ABOVE-NAMED DEFENDANT:

        In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                Joyce M. Collins
                                *Prothonotary*

                                *Per Deputy*

1564

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

JUDI T. HABERKORN,                )
                                  )
                    Plaintiff,    )
                                  )
v.                                )     C.A. No. 07C-10-019 ESB
                                  )
NATIONWIDE LIFE                   )     NON-ARBITRATION CASE
INSURANCE COMPANY,                )     TRIAL BY JURY DEMANDED
                                  )
                    Defendant.    )

THE STATE OF DELAWARE Kent
TO THE SHERIFF OF SUSSEX COUNTY,

YOU ARE COMMANDED:

    To summon defendant, so that, within 20 days after service hereof upon defendant,
Nationwide Life Insurance Company, exclusive of the day of service, defendant shall serve upon
John S. Spadaro, Esquire, plaintiff's attorney, whose address is John Sheehan Spadaro, LLC, 724
Yorklyn Road, Suite 375, Hockessin, Delaware 19707, an answer to the Complaint.

    To serve upon defendant a copy of the Complaint.

Dated:

    OCT 18 2007

                                        Joyce M. Oveline
                                        Prothonotary

                                        Kordta D. Mill
                                        Per Deputy

TO THE ABOVE-NAMED DEFENDANT:

    In case of your failure, within 20 days after service hereof upon you, exclusive of the day
of service, to serve on plaintiff's attorney named above an answer to the Complaint, judgment by
default will be rendered against you for the relief demanded in the Complaint.

                                        Joyce M. Oveline
                                        Prothonotary

                                        Kordta D. Mill
                                        Per Deputy

1564.

EXHIBIT B

**CT** CORPORATION
A Wolters Kluwer Company

**Service of Process
Transmittal**
10/29/2007
CT Log Number 512731185

| | |
|---|---|
| **TO:** | Randolph Wiseman
Nationwide Mutual Insurance Company
One Nationwide Plaza 1-38-11
Columbus, OH 43215-2220 |
| **RE:** | **Process Served in Delaware** |
| **FOR:** | Nationwide Life Insurance Company (Domestic State: OH) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Judi T. Haberkorn, Pltf. vs. Nationwide Life Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Praecipe(2 sets), Complaint(2 sets), Information Statement(2 sets), Summons(3 sets) |
| **COURT/AGENCY:** | Sussex County Superior Court, DE
Case # 07C-10-019 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed for personal injuries due to a fall - April 2006 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/29/2007 postmarked on 10/25/2007 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | John S. Spadaro
John Sheehan Spadaro, LLC
724 Yorklyn Road
Suite 375
Hockessin, DE 19707
302-235-7745 |
| **REMARKS:** | Process served/received by Insurance Commissioner on October 23, 2007, and mailed to C T Corporation System on October 25, 2007. |
| **ACTION ITEMS:** | CT has retained the current log. Retain Date: 10/29/2007, Expected Purge Date: 11/03/2007
Image SOP - Page(s): 26 |
| **SIGNED:**
**PER:**
**ADDRESS:** | The Corporation Trust Company
Scott LaScala
1209 Orange Street
Wilmington, DE 19801 |
| **TELEPHONE:** | 302-658-7581 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



Matthew Denn
Insurance Commissioner

Department of Insurance
841 Silver Lake Blvd.
Dover, DE 19904-2465
(302) 674-7300
(302) 739-5280 fax

OCTOBER 24, 2007

**VIA CERTIFIED MAIL (70060810000095240017)**
**RETURN RECEIPT REQUESTED**

CORPORATION TRUST COMPANY
NATIONWIDE LIFE INSURANCE COMPANY
CORPORATION TRUST CENTER
1209 ORANGE STREET
WILMINGTON, DE 19801

RE: JUDI T. HABERKORN V. NATIONWIDE LIFE INSURANCE CO.
     C.A. NO. 07C-10-019 ESB

Dear SIR OR MADAM:

Pursuant to 18 Del. C. § 525, the Delaware Insurance Commissioner was
served with the enclosed legal process on OCTOBER 23, 2007.

**Please do not send your response to the enclosed documentation**
**to the Delaware Insurance Department. Instead, you should**
**respond directly to the person or legal representative identified**
**in the enclosed legal process.**

Sincerely,

*Georgia Oxford*

Georgia Oxford
Administrative Specialist II

Enclosure
cc: JOHN S. SPADARO

EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**JUDI T. HABERKORN,**

        Plaintiff,

        v.

**NATIONWIDE LIFE INSURANCE COMPANY,**

        Defendant.

Case No.

Removed from Superior Court
Sussex County, Delaware
C.A. No. 07C-10-019 ESB

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §1441(a)**

## AFFIDAVIT OF BRENDA L. FLASK

STATE OF OHIO      )
                ) SS.
COUNTY OF FRANKLIN  )

I, Brenda L. Flask, being duly cautioned and sworn, state that to the best of my personal knowledge, the following is true and accurate and I am competent to testify on the matters stated herein:

1. I am employed by Nationwide Mutual Insurance Company as a Performance Management Specialist, and am responsible for various claims related activities related to insurance products underwritten by Nationwide Life Insurance Company.

2. Nationwide Life Insurance Company is an Ohio corporation with its principal place of business at One Nationwide Plaza, Columbus, Ohio.

3. As a Performance Management Specialist, I am responsible for reviewing all claims in excess of five thousand dollars ($5,000.00) submitted by insureds for reimbursement of medical expenses.

4. I reviewed the applicable claims documentation submitted on behalf of Judi T. Haberkorn, Plaintiff in the above action, for reimbursement of medical expenses under a policy of health insurance issued by Defendant.

5. Ms. Haberkorn has submitted claims to Nationwide Life Insurance Company for reimbursement of her medical expenses which total approximately $214,000.00 to date.

6. Nationwide Life Insurance Company has paid about $62,000.00 to Ms. Haberkorn as reimbursement of her medical expenses to date. Nationwide Life Insurance Company denied payment of approximately $152,000.00.

FURTHER AFFIANT SAYETH NAUGHT.

Brenda L. Flask

Sworn to before me and subscribed in my presence this 9th day of November,

2007.

Notary Public

**CHRISTOPHER EMORY WASSON, ATTORNEY AT LAW**
NOTARY PUBLIC, STATE OF OHIO
My commission has no expiration date.
Section 147.03 R.C.

2261502v1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JUDI T. HABERKORN,

    Plaintiff,

  v.

NATIONWIDE LIFE INSURANCE
COMPANY,

    Defendant.

Case No.

Removed from Superior Court
Sussex County, Delaware
C.A. No. 07C-10-019 ESB

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §1441(a)**

### NOTICE OF SERVICE

**I HEREBY SERVE NOTICE** on this ͥ3 day of November, 2007, that I served a copy

of the Notice of Removal via Hand Delivery upon the following:

   John S. Spadaro, No. 3155
   724 Yorklyn Rd., Suite 375
   Hockessin, DE 19707
   Attorney for Plaintiff Judi T. Haberkorn

         Respectfully submitted,

         Robert J. Leoni, Esquire (DSBA No. 2888)
         *Shelsby & Leoni*
         221 Main Street
         Stanton, DE 19804
         302 995 6210
         302 995 6121(fax)
         rleoni@mslde.com

         Attorney for Defendant,
         Nationwide Life Insurance Company

Date: November 12 , 2007

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Judi T. Haberkorn

**DEFENDANTS**

Nationwide Life Insurance Company

**(b)**  County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

John S. Spadaro DSBA No. 3155  724 Yorklyn Rd., St. 375
John Sheehan Spadaro, LLC      Hockessin, DE 19707 302 235 7745

Attorneys (If Known)

Robert J. Leoni DSBA No. 2888  221 Main St.
Shelsby & Leoni                Stanton, DE 19804

## II.  BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1   U.S. Government
      Plaintiff

☐ 3   Federal Question
      (U.S. Government Not a Party)

☐ 2   U.S. Government
      Defendant

☒ 4   Diversity
      (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

|                                              | PTF | DEF |                                                          | PTF | DEF |
|----------------------------------------------|-----|-----|----------------------------------------------------------|-----|-----|
| Citizen of This State                        | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State                     | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country      | ☐ 3 | ☐ 3 | Foreign Nation                                           | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V.  ORIGIN   (Place an "X" in One Box Only)

☐ 1  Original
     Proceeding

☒ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     another district
     (specify)

☐ 6  Multidistrict
     Litigation

☐ 7  Appeal to District
     Judge from
     Magistrate
     Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332 (a) and §1441(a)

Brief description of cause:
Health Insurance

## VII.  REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII.  RELATED CASE(S)
IF ANY

(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE  11/13/07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____