IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUDI T. HABERKORN,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONWIDE LIFE INSURANCE COMPANY,<br><br>        Defendant. | Case No. 1:07-cv-00727-UNA |

## ANSWER OF DEFENDANT NATIONWIDE LIFE INSURANCE COMPANY TO COMPLAINT

Now comes Defendant Nationwide Life Insurance Company, ("Nationwide"), by and through its counsel, and for its Answer to the Complaint, hereby admits, denies, and avers as follows:

1. The allegations set forth in Paragraph 1 of the Complaint state no factual allegations but rather are conclusions of law, to which no admission or denial is required, but if a response is required, Nationwide denies those allegations.

2. The allegations set forth in Paragraph 2 of the Complaint state no factual allegations but rather are conclusions of law, to which no admission or denial is required, but if a response is required, Nationwide denies those allegations.

3. Nationwide is without knowledge or information sufficient to form a belief as to the truth or validity of the allegations set forth in Paragraph 3 of the Complaint, and therefore, denies the same.

4. Nationwide is without knowledge or information sufficient to form a belief as to the truth or validity of the allegations set forth in Paragraph 4 of the Complaint, and therefore, denies the same.

5. Nationwide admits the allegations set forth in Paragraph 5 of the Complaint.

6. Nationwide avers that it issued a "Blanket Student Accident & Sickness Policy" (the "Blanket Policy") to the Policyholder, the University of Delaware, to insure eligible persons, and Nationwide denies, for lack of knowledge or information, the remaining allegations set forth in Paragraph 6 of the Complaint.

7. Nationwide avers that it issued the Blanket Policy to the University of Delaware. Nationwide also avers that no brochure or other document was attached as Exhibit A to the Complaint served upon Nationwide. Nationwide denies, for lack of knowledge or information, the remaining allegations set forth in Paragraph 7 of the Complaint.

8. Nationwide avers that it issued the Blanket Policy to the University of Delaware for the September 1, 2004 to September 1, 2005 academic year, for the September 1, 2005 to September 1, 2006 academic year, and for the September 1, 2006 to September 1, 2007 academic year. Nationwide denies, for lack of knowledge or information, the remaining allegations set forth in Paragraph 8 of the Complaint.

9. Nationwide is without knowledge or information sufficient to form a belief as to the truth or validity of the allegations set forth in Paragraph 9 of the Complaint, and therefore, denies the same.

10. Nationwide admits the allegations set forth in Paragraph 10 of the Complaint to the extent those allegations are consistent with the terms of the Blanket Policy.

2272179v2

11. Nationwide avers that, upon information and belief, Ms. Haberkorn was enrolled in the Blue Plan and eligible for coverage under the University of Delaware's Blanket Policy issued by Nationwide for the September 1, 2004 to September 1, 2005 academic year and entitled to the Maximum Lifetime Benefit of $50,000 for any one Injury or Sickness. Nationwide denies the remaining allegations set forth in Paragraph 11 of the Complaint.

12. Nationwide is without knowledge or information sufficient to form a belief as to the truth or validity of the allegations set forth in Paragraph 12 of the Complaint, and therefore, denies the same.

13. Nationwide is without knowledge or information sufficient to form a belief as to the truth or validity of the allegations set forth in the first sentence of Paragraph 13 of the Complaint, and therefore, denies the same. Nationwide denies the allegations set forth in the second sentence of Paragraph 13 of the Complaint.

14. Nationwide is without knowledge or information sufficient to form a belief as to the truth or validity of the allegations set forth in Paragraph 14 of the Complaint, and therefore, denies the same.

15. Nationwide avers that Plaintiff has submitted claims for medical expenses, some of which Nationwide has paid, but denies the remaining allegations set forth in Paragraph 15 of the Complaint.

16. Nationwide denies the allegations set forth in Paragraph 16 of the Complaint.

17. Nationwide is without knowledge or information sufficient to form a belief as to the truth or validity of the allegations set forth in Paragraph 17 of the Complaint, and therefore, denies the same.

18. Nationwide denies the allegations set forth in Paragraph 18 of the Complaint.

2272179v2

19. Nationwide denies the allegations set forth in Paragraph 19 of the Complaint.

## COUNT I

20. Nationwide incorporates by reference paragraphs 1-20 of this Answer as if fully stated herein.

21. Nationwide denies the allegations set forth in Paragraph 21 of the Complaint.

22. Nationwide denies the allegations set forth in Paragraph 22 of the Complaint.

23. The allegations in Paragraph 23 of the Complaint are conclusions of law, to which no response is required. To the extent that such a response is required, Nationwide denies the allegations of Paragraph 23 of the Complaint.

24. The allegations in Paragraph 24 of the Complaint are conclusions of law, to which no response is required. To the extent that such a response is required, Nationwide denies the allegations of Paragraph 24 of the Complaint.

## COUNT II

25. Nationwide incorporates by reference paragraphs 1-24 of this Answer as if fully stated herein.

26. Nationwide denies the allegations set forth in Paragraph 26 of the Complaint.

27. Nationwide denies the allegations set forth in Paragraph 27 of the Complaint.

28. Nationwide denies the allegations set forth in Paragraph 28 of the Complaint.

## COUNT III

29. Nationwide incorporates by reference paragraphs 1-28 of this Answer as if fully stated herein.

30. Nationwide denies the allegations set forth in Paragraph 30 of the Complaint.

31. Nationwide denies the allegations set forth in Paragraph 31 of the Complaint.

2272179v2

## COUNT IV

32. Nationwide incorporates by reference paragraphs 1-31 of this Answer as if fully stated herein.

33. Nationwide denies the allegations set forth in Paragraphs 33(a) through 33(g), inclusive, of the Complaint.

34. Nationwide denies the allegations set forth in Paragraph 34 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were caused, in whole or in part, by Plaintiff's own actions or inaction.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were caused, in whole or in part, by actions or inactions of parties or persons not within the control of Nationwide.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the express terms of the applicable Blanket Policy issued by Nationwide to the University of Delaware.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the theories of waiver and/or estoppel and/or laches.

2272179v2

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Nationwide complied with terms of, and performed all of its obligations under, the applicable Blanket Policy issued by Nationwide to the University of Delaware.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has met or exceeded her $50,000 Lifetime Maximum Benefit for any one Injury or Sickness under the Blue Plan benefits of the Blanket Policy.

## EIGHTH AFFIRMATIVE DEFENSE

Nationwide had a reasonable justification and/or reasonable basis for the actions it undertook toward Plaintiff's claims for reimbursement of medical expenses, and therefore acted in good faith, and did not at any time act in bad faith.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because the acts or omissions of Nationwide do not rise to the level required to sustain an award of punitive damages, do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff her protected rights, and are not so wanton or willful as to support an award of punitive damages, and do not otherwise entitle her to punitive damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred and any award of such damages would violate Nationwide's rights under the Federal and state constitutions.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

2272179v2

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of payment, accord and satisfaction.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of release.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing.

## RESERVATION OF DEFENSES

Nationwide expressly reserves the right to assert any additional defenses against Plaintiff's Complaint that may arise or appear by reason of discovery and/or other proceedings in this case

**WHEREFORE**, Defendant Nationwide Life Insurance Company, demands that the Complaint be dismissed with prejudice, judgment be granted in its favor, it recover its attorneys' fees and costs expended herein, and such other remedies as the Court deems just and proper.

*SHELSBY & LEONI*

*/s/ Robert J. Leoni*
Robert J. Leoni, Esquire  (DSBA No. 2888)
221 Main Street
Stanton, DE 19804
302 995 6210
302 995 6121(fax)
rleoni@mslde.com

Attorney for Defendant,
Nationwide Life Insurance Company

Date:   November 20, 2007

2272179v2