IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUDI T. HABERKORN, | ) |
|                Plaintiff, | ) ) ) C.A. No. 07-727JJF |
| v. | ) ) |
| NATIONWIDE LIFE INSURANCE COMPANY, | ) ) ) |
|                Defendant. | ) |

### CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED THAT:

1. **Scope.** From the date of entry of this Confidentiality Stipulation and Protective Order, this Order shall govern any information produced or disclosed by any party or any third party to this action pending in the United States District Court for the District of Delaware, Civil Action No. 07-727 JJF ("Litigation").

2. **CONFIDENTIAL and ATTORNEYS' EYES ONLY.** Any party to this action and any third party may designate as (1) CONFIDENTIAL or (2) ATTORNEYS' EYES ONLY the following material: (a) answers to interrogatories or requests for admission; (b) deposition testimony; and (c) documents produced by it or made available for inspection. Materials designated as (1) CONFIDENTIAL or (2) ATTORNEYS' EYES ONLY are hereinafter referred to collectively as "Protected Information."

    a. **CONFIDENTIAL MATERIAL.** A party or third party may designate material as CONFIDENTIAL after it makes a good faith determination that the material or information includes or constitutes confidential commercial information of the producing party.

      b.    **ATTORNEYS' EYES ONLY MATERIAL.** A party or third party may designate material as ATTORNEYS' EYES ONLY after it makes a good faith determination that the material or information includes or constitutes confidential or proprietary information of the producing party (or of a third party where the producing party is under a duty to maintain the information in confidence) which, if disclosed to the requesting party, would likely result in serious injury or harm to the producing party's or a third party's business or personal interests.

      3.    **Designation of Documents.** Documents may be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by stamping or otherwise marking each document with the appropriate confidentiality designation and with the identity of the producing party. For documents designated as CONFIDENTIAL, the appropriate confidentiality designation shall be "CONFIDENTIAL -- *Haberkorn v. NLIC*." For documents designated as ATTORNEYS' EYES ONLY, the appropriate confidentiality designation shall be "ATTORNEYS' EYES ONLY -- *Haberkorn v. NLIC*."

      4.    **Designation of Depositions.** Deposition or other oral testimony given in this case may be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by any party or third party either (a) during the deposition or proceeding during which the testimony is given, or (b) by written notice to the court reporter and to all counsel of record, within five (5) business days after receipt by the designating party of the certified transcript, delivered by the court reporter, of the deposition or proceeding during which the testimony is given. Unless otherwise ordered by the Court, pending the expiration after (10) business days after receipt by the designating party of the certified transcript, all parties and, persons shall treat the testimony as if it has been designated ATTORNEYS' EYES ONLY. Unless otherwise ordered by the Court, the designating party shall have the right to have all persons, except the witness, his or her counsel,

the court reporter, and such other persons authorized to receive the designating party's Protected Information pursuant to this Protective Order excluded from a deposition or proceeding, or any portion thereof, during the taking therein of testimony which has been so designated. The court reporter shall mark the cover of the original and all copies of the transcript or the portion of the transcript containing testimony designated as either CONFIDENTIAL or ATTORNEYS' EYES ONLY with the appropriate legend. The parties may alter this designation protocol if agreed to in writing or on the deposition record in advance of the designation.

5.   **Belated Designation.** Notwithstanding the provisions to timely designate Protected Information under the foregoing paragraphs 3 and 4 for documents that are produced after the entry of this Protective Order, nothing contained herein shall preclude a party or a third party from later changing that designation and notifying the other parties in writing of that change; provided, however, that it shall not be deemed a breach of this Protective Order for any action to have been taken by a party or its counsel with respect to such information consistent with the original designation of such information prior to receipt of such notice. A person receiving such written notice shall make every reasonable effort to retrieve any such materials from persons not authorized to receive them pursuant to this Protective Order.

6.   **Access to CONFIDENTIAL Materials.** Materials designated CONFIDENTIAL shall not be disclosed to any person except:

   a.   the Court and its officers;

   b.   outside counsel for a party (*i.e.*, counsel for a party who is not an employee of the party or any of its affiliates) and employees of such outside counsel who are actively involved in the litigation. In the event that the outside counsel is not counsel of record, such counsel may be

2391090v2

furnished Protected Information only after that counsel has executed a copy of the Acknowledgment attached hereto as Exhibit "A";

 c. employees, including, in-house counsel of a party who have a legitimate need to review the Protected Information;

 d. outside experts who are not and have not previously been employed by a party (other than as an expert), and who have no relationship, other than as a testifying or consulting expert witness, with any of the parties hereto;

 e. current or former employees of the disclosing party during the deposition of any such current or former employee, examination of such current or former employee at trial, and preparation of the current or former employee immediately prior to the deposition or trial testimony of the witness;

 f. any other witness during the deposition or trial testimony of such witness, provided that a good faith basis exists that the witness has previously seen the document or information;

 g. court reporters and videographers, solely for the purpose of transcribing and/or recording testimony in the litigation;

 h. independent litigation support services personnel, including copying services, imaging and coding services, trial exhibit preparation services, solely for the purpose of assisting a party with the litigation;

 i. other persons as ordered by the Court or agreed to in writing or on the record by the parties.

 **7.** **Access to ATTORNEYS' EYES ONLY Materials.** Materials designated as ATTORNEYS' EYES ONLY shall not be disclosed to any persons other than those identified in

4

paragraphs 6.a., b., d., e., f., g., h., and i. In addition, materials designated as ATTORNEYS' EYES ONLY may be disclosed to in-house legal employees of a party and the immediate staff of such employees whose involvement in the Litigation is necessary to the prosecution and/or defense of the Litigation.

8.  **Disclosure to Experts.** A party seeking to disclose another party's Protected Information to an outside expert shall require the expert to sign a copy of the Acknowledgment attached hereto as Exhibit A. A copy of such Acknowledgment shall be provided to counsel for the other party upon request.

9.  **Filing Protected Information.** Documents, briefs, transcripts or memoranda containing materials designated with the CONFIDENTIAL or ATTORNEYS' EYES ONLY legend by a party shall not be filed with the Court unless the Protected Information is filed under seal.

10. **Conclusion of the Litigation.** Within ninety (90) days after entry of a final judgment or dismissal with prejudice in the Litigation (including appeals or petitions for review) finally disposing of all issues raised in the Litigation, counsel for the parties and all other persons having possession or control of another party's Protected Information thereof shall: (a) destroy or, if requested by the producing party, return to such party all Protected Information and any copies thereof; or (b) destroy such Protected Information and all copies to the extent it contains or is contained in any notes, summaries, digests, synopses or other document added or generated by Counsel or any other person after production; except that outside counsel shall be permitted to maintain one archival copy of such Protected Information, provided that the terms of this Protective Order continue to apply to such materials. Each party shall give written notice of such destruction to all counsel.

2391090v2

11. **Contested Designations.** To the extent possible, the party or third party designating the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall designate only the portion of the discovery response, transcript, or documents that contains the CONFIDENTIAL or ATTORNEYS' EYES ONLY information, as appropriate. In the event that any party requests that another party or non-party specifically designate which portion or portions of information contained in a marked document are ATTORNEYS' EYES ONLY, as opposed to CONFIDENTIAL, or CONFIDENTIAL, as opposed to non-confidential, the party or non-party shall designate the specific contents by either bracketing the ATTORNEYS' EYES ONLY or CONFIDENTIAL portions of the document or testimony, or by otherwise informing the requesting party in writing of the specific designations thereof. The parties shall use reasonable care to avoid designating as CONFIDENTIAL or ATTORNEYS' EYES ONLY any documents or information that has been published or otherwise entered the public domain. A party shall not be obligated to challenge the propriety of designating any Protected Information at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation by the supplying party of any information as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation as CONFIDENTIAL or ATTORNEYS' EYES ONLY may seek appropriate relief from this Court, and must do so promptly upon notification of a dispute that cannot be resolved by agreement.

12. **Inadvertent Disclosure.** In the event that any document or tangible item is inadvertently disclosed, produced or filed without having been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the party or person responsible for such disclosure, production

or filing may, within a reasonable time, designate such document or tangible item as CONFIDENTIAL or ATTORNEYS' EYES ONLY hereunder; and such document or tangible item shall thereafter be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY *ab initio*. If any document or tangible item to be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to this paragraph 12 has been disclosed or produced to any person or party not authorized to receive or have access to Protected Information hereunder, the person or party responsible for such production or disclosure shall undertake to retrieve the original and all copies of the Protected Information, and the person or party to whom the Protected Information was produced or disclosed shall promptly return the original and all copies to the party or person designating the document or tangible item as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

The inadvertent disclosure, production or filing of any confidential, privileged or attorney work product documents shall be without prejudice to any claims that the document is confidential or privileged, and shall not constitute a waiver of any privilege that may otherwise attach thereto, nor a general waiver of such privilege, nor a waiver of claim that the document is Protected Information. Upon demand of the producing party, all copies of any inadvertently disclosed or produced documents shall be promptly returned, and such documents shall not be introduced into evidence, or subject to production, in this or any other proceeding, without the consent of the producing party or unless permitted pursuant to order of the Court.

13. **Trial Procedures.** Nothing in this Protective Order shall restrict the ability of the parties to present the trial of the Litigation to the trier-of-fact. Upon the request of a party, the Court may implement appropriate procedures to protect Protected Information which may be

7

disclosed at the trial or any hearing in this matter consistent with the spirit and scope of this Protective Order.

**14.    Modification.** Stipulations may be made between Counsel for the respective parties as to the application of this Protective Order to specific situations provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained herein shall preclude any party from seeking an order of the Court modifying or supplementing this Protective Order.

**15.    Advice to Clients.** Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and, in the course thereof, referring to or relying upon his examination of CONFIDENTIAL or ATTORNEYS' EYES ONLY information; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the content of any CONFIDENTIAL or ATTORNEYS' EYES ONLY information to anyone not authorized to receive such information.

**16.    Interim Effect.** This Protective Order shall be submitted to the Court for approval and, following approval, shall continue in effect until further order of this Court. For the purpose of proceeding with discovery without delay, any Protected Information produced under the terms of this Protective Order shall be protected by the parties pursuant to these terms pending the Court's approval of this Protective Order.

2391090v2

AGREED AS TO FORM AND SUBSTANCE, AND ENTRY REQUESTED:

**Plaintiff, Judi T. Haberkorn**


_/s/ John S. Spadaro_
John S. Spadaro, No. 3155
John Sheehan Spadaro, LLC
724 Yorklyn Road, Suite 375
Hockessin, DE 19707
Telephone: (302) 235-7745

*Attorneys for Plaintiff*
*Judi T. Haberkorn*


**Defendant, Nationwide Life Insurance Company**


_/s/Robert J. Leoni_
Robert J. Leoni (DSBA No. 2888)
Shelsby & Leoni
221 Main Street
Stanton, Delaware 19804
Telephone: (302) 995-6210
Facsimile: (302) 995-6121
rleoni@mslde.com

*Attorneys for Defendant*
*Nationwide Life Insurance Company*


**SO ORDERED.**

Entered this 18th day of March, 2008.

Honorable Joseph J. Farnan, Jr.
United States District Judge

9

2391090v2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JUDI T. HABERKORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 07-727JJF |
| v. | ) | |
| | ) | |
| NATIONWIDE LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ACKNOWLEDGMENT

I, _____, acknowledge that I have received and read a copy of the attached Confidentiality Stipulation and Protective Order; I agree to comply with and be bound by this Stipulation and Order; and I hereby submit to the jurisdiction of the United States District Court for the District of Delaware with respect to any proceeding arising out of any claim of violation of this Stipulation and Order.

Dated: _____    _____
Signature

_____
Printed Name

2391090v2